UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

        Plaintiff,

v.

Marco Antonio Paredes-Machado,

        Defendant.
_____/

Hon. Victoria A. Roberts

12-cr-00237 (DDC)   19-CR-20659
21 U.S.C. §§ 959, 960, and 963
Conspiracy to Distribute More Than 5
Kilograms of Cocaine and 1000
Kilograms of Marijuana for
Importation

03-cr-80244 (EDMI)
21 U.S.C. §§ 846, 841(a)(1) and
(b)(1)(A)
Conspiracy to Distribute More Than
1000 Kilograms of Marijuana

<u>Statutory Penalty For Both Offenses</u>
**Imprisonment:**
10 years and up to life imprisonment
**Maximum Fine:**
Not to exceed $10,000,000
**Supervised Release:**
5 years and up to lifetime

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Marco Paredes-Machado and the government agree as follows:

**1. Guilty Pleas**

    **A. Counts of Conviction**

Defendant, Marco Paredes-Machado, will enter guilty pleas in two cases: case number 12-cr-00237, from the United States District Court for the District of Columbia; and, case number 03-cr-80244, from the Eastern District of Michigan. In case number 12-cr-00237, defendant will waive trial in the District of Columbia and plead guilty in the Eastern District of Michigan to Count One of the Indictment, which charges him with conspiracy to distribute more than 5 kilograms of cocaine and 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 959(a), 960(b), and 963. In case number 03-cr-80244, defendant will enter a plea of guilty to Count One of the Sixth Superseding Indictment, which charges him with conspiracy to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846.

### B. Elements of Offenses

The elements of Count One in <u>12-cr-00237 (DDC)</u> are as follows:

(A) First, that two or more persons conspired, or agreed, to distribute controlled substances knowing and intending that the controlled substances would be imported into the United States from a place outside of the United States.

(B) Second, that the defendant voluntarily joined the conspiracy knowing that the controlled substances were intended to be imported into the United States.

(C) Third, that the conspiracy as a whole involved 5 kilograms of cocaine and 1000 or more kilograms of marijuana, all of which was foreseeable to Paredes-Machado.

The elements of Count One in 03-cr-80244 (EDMI) are as follows:

(A) First, that two or more persons conspired, or agreed, to distribute controlled substances.

(B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

(C) Third, that the conspiracy as a whole involved 1000 or more kilograms of marijuana, all of which was foreseeable to Paredes-Machado.

### C. Factual Basis for Guilty Pleas

The following facts are a sufficient and accurate basis for defendant's guilty plea in 12-cr-00237 (DDC):

Beginning in or about 1998 and continuing thereafter, up to and including November 2, 2012, in the United States, Colombia, Mexico, and elsewhere, Marco Antonio Paredes-Machado, unlawfully, knowingly, and intentionally conspired with others known and unknown to distribute cocaine and marijuana for importation into the United States.

Paredes-Machado worked in a criminal organization that was headed by Benjamin Jaramillo-Felix (hereinafter the "Organization"). The Organization was

affiliated with the Sinaloa Cartel. The Organization was dedicated to the illegal trafficking of narcotics from Colombia, through Central America and Mexico, and then into the United States.

Paredes-Machado invested in shipments of cocaine and had a direct role overseeing the transportation of tonnage quantities of cocaine in Los Cabos, Mexico. Paredes-Machado directed a team of 20-30 men that would receive cocaine from other co-conspirators in Los Cabos, a city in the Mexican state of Baja California Sur. From Los Cabos, Paredes-Machado and others would transport the cocaine by boat or airplane to various locations in Mexico, which were controlled by the Sinaloa Cartel including Culiacan, Sinaloa and Navajoa, Sonora.

Paredes-Machado was also responsible for collecting payments for both the purchase of drugs from drug shipment investors and receiving proceeds from the eventual sale of narcotics. These transactions typically involved tens of millions of United States dollars. Paredes-Machado transferred these funds to others within the Organization.

Paredes-Machado was also in charge of the United States and Mexico border area in Agua Prieta, a town in the Mexican state of Sonora, on behalf of the Organization. Paredes-Machado's responsibilities in Agua Prieta included

supervising the importation of controlled substances, including tonnage quantities of marijuana, into the United States.

Paredes-Machado knew that more than 450 kilograms cocaine and more than 90,000 kilograms of marijuana would be illegally imported into the United States for further distribution.

The following facts are a sufficient and accurate basis for defendant's guilty plea in 03-cr-80244 (EDMI):

From about 1991 to 2004, Marco Paredes-Machado knowingly agreed with others, including those named in the Sixth Superseding Indictment, to distribute over 1000 kilograms of marijuana throughout the United States, including to Detroit, Michigan. Paredes-Machado supplied an extensive criminal conspiracy with marijuana from Mexico. Paredes-Machado directed other members of the conspiracy to export marijuana from Mexico to the United States. Once the marijuana was in the United States, Paredes-Machado directed other coconspirators to distribute loads of marijuana—many weighing more than 1000 kilograms—throughout the United States, including to Detroit, Michigan. Once the marijuana was distributed throughout the United States, some of the proceeds were sent back to Paredes-Machado in Mexico.

**2. Sentencing Guidelines**

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the defendant's total guideline range for both offenses is **324-405** months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **324-405**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the total sentence of imprisonment in case numbers <u>12-cr-00237 (DDC)</u> and <u>03-cr-80244 (EDMI)</u> will be 264 months (22 years), to be run concurrently.

### B. Fine

There is no agreement as to fines.

### C. Restitution

Restitution is not applicable to this case.

4. **Padilla Waiver**

Defendant acknowledges that if he is not a citizen of the United States, his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that

his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction. Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

## 5. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 6. Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in case number 03-cr-80244 (EDMI).

## 7. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court decides to impose a sentence of less than 264 months (22 years).

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than 264 months (22 years). This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than 264 months (22 years).

8. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 264 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 264 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

9. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

11. **Parties to Plea Agreement**

This agreement binds only the parties to the agreement, that is, Marco Antonio Paredes-Machado, the Narcotic and Dangerous Drug Section of the Criminal Division of the Department of Justice, and the United States Attorney's Office for the Eastern District of Michigan.

**12. Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

13. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 09/17/2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

*/s/ Julie A. Beck*

_____
Julie A. Beck
Assistant United States Attorney
Chief, Drug Task Force

*/s/ Craig F. Wininger*

_____
Craig F. Wininger
Assistant United States Attorney

Date: /2019

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Attorney for Defendant

_____
Defendant

9-20-2019
Date

9-20-2019
Date

## WORKSHEET A
## OFFENSE LEVEL

Defendant **Marco Paredes-Machado**　　　District/Office **Eastern District of Michigan**

Docket Number **03-80244 (EDMI, 12-cr-00237 (DDC)**

Count Number(s) **1, 1**　　　U.S. Code Title & Section **21** : **841, 846** ; **21** : **959, 960**

*Guidelines Manual* Edition Used: 20___ (Note: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS
Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (see §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (see §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)
Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 3D1.2, 3D1.3 | Counts group | |
| 2D1.1(a)(5) | more than 450 k cocaine + more than 90,000 k marijuana | 38 |
| 2D1.1(b)(16) | directly involved in importation + aggravating factor | +2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. See §1B1.5.　　Sum **40**

### 2. Victim-Related Adjustments (See Chapter Three, Part A)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".　　§_____　☐

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".　　§ **3B1.1**　**+4**

### 4. Obstruction Adjustments (See Chapter Three, Part C)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".　　§_____　☐

### 5. Adjusted Offense Level
Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.　　**44**

☐ Check here if all counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

☐ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET B
## MULTIPLE COUNTS*

Defendant: Marco Paredes-Machado  
Docket Number: 03-80244 (EDMI, 12-cr-00237 (DDC)

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (see §3D1.2(a)). Explain the reasons for grouping:

Counts group under 3D1.2(d) - offense level is based on the total quantity of controlled substance involved

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (i.e., counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. See §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (see §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

**1. Adjusted Offense Level for the First Group of Counts**

Count number(s) 1, 1 — 44 — 1 Unit

**2. Adjusted Offense Level for the Second Group of Counts**

Count number(s) _____ — [ ] — ____ Unit

**3. Adjusted Offense Level for the Third Group of Counts**

Count number(s) _____ — [ ] — ____ Unit

**4. Adjusted Offense Level for the Fourth Group of Counts**

Count number(s) _____ — [ ] — ____ Unit

**5. Adjusted Offense Level for the Fifth Group of Counts**

Count number(s) _____ — [ ] — ____ Unit

**6. Total Units**

1 Total Units

**7. Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels |

0

**8. Highest of the Adjusted Offense Levels from Items 1–5 Above**

44

**9. Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.

44

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

U.S. Sentencing Commission Worksheets (November 1, 2016)

# WORKSHEET C
## CRIMINAL HISTORY
[Page 1 of 2]

Defendant: Marco Paredes-Machado

Docket Number: 03-80244 (EDMI, 12-cr-00237 (DDC)

*Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.*

**Enter the Earliest Date of the Defendant's Relevant Conduct** _____
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note: Identify as "adult" any sentence exceeding one year and one month that resulted from an adult conviction.*
*A release date is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to the defendant's earliest date of relevant conduct, but release from confinement occurred within such 5-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(e)(2).

*Note: A release date is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant: Marco Paredes-Machado

Docket Number: 03-80244 (EDMI, 12-cr-00237 (DDC)

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### 3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.  [   ]

### 4. "Status" of Defendant at Time of Instant Offense

2 Points for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. See §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter 0 Points.  [   ]

_____

_____

### 5. Crimes of Violence

1 Point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. See §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter 0 Points.  [   ]

_____

_____

### 4. Total Criminal History Points (Sum of Items 3–5)

[ 0 ]

### 5. Criminal History Category (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

[ 0 ]

# WORKSHEET D
## DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant: Marco Paredes-Machado

Docket Number: 03-80244 (EDMI, 12-cr-00237 (DDC)

### 1. Adjusted Offense Level (From Worksheet A or B)
If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

**44**

### 2. Acceptance of Responsibility (See Chapter Three, Part E)
Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".

**−3**

### 3. Offense Level Total (Item 1 less Item 2)

**41**

### 4. Criminal History Category (From Worksheet A or C)
Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

**I**

### 5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender (See Chapter Three, Part A, and Chapter Four, Part B)

**a. Offense Level Total**
If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

**N/A**

**b. Criminal History Category**
If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

**N/A**

### 6. Guideline Range from Sentencing Table
Enter the applicable guideline range from Chapter Five, Part A, in months.

**324** to **405**

### 7. Restricted Guideline Range (See Chapter Five, Part G)
If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

**to**

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

### 8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  Marco Paredes-Machado                     Docket Number  03-80244 (EDMI, 12-cr-00237 (DDC)

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(d) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A (See §§5B1.1(a)(1) & 5C1.1(a) & (b))**

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B (See §§5B1.1(a)(2) & 5C1.1(a) & (c))**

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C (See §5C1.1(a) & (d))**

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D (See §5C1.1(a) & (f))**

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **Marco Paredes-Machado**    Docket Number **03-80244 (EDMI, 12-cr-00237 (DDC)**

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

**a. Imposition of a Term of Supervised Release:**

- [✓] Ordered because required by statute (See §5D1.1(a)(1)).
- [ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).
- [ ] Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).
- [ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

**b. Length of Term of Supervised Release**

Check the Class of the Offense:

- [ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))
- [ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))
- [ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))
- [✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):
  **5** years mandatory minimum term of supervised release
- [ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

_____

_____

b. Enter whether restitution is statutorily mandatory or discretionary:

_____

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

_____